STAR AUTOMOBILE COMPANY, PETITIONER v. JAGUAR CARS, INC., RESPONDENT

No. 8810SC1236

(Filed 15 August 1989)

1. **Automobiles and Other Vehicles § 5— nonrenewal of automobile franchise—reasons required in written notice—only information in written notice considered in evaluating sufficiency of notice**

   The trial court properly determined that written notice of nonrenewal to an automobile dealership franchisee must state reasons for nonrenewal "with sufficient specificity to inform the dealer of the legal grounds" for nonrenewal, and the court properly held that information the franchisee has received, other than that included in the written notice, may not be taken into account in evaluating the legal sufficiency of the written notice to the franchisee. N.C.G.S. § 20-305(6)c2.

2. **Automobiles and Other Vehicles § 5— nonrenewal of automobile franchise — sufficiency of written notice**

   Written notice of nonrenewal given by respondent distributor to petitioner dealer was sufficient notification under N.C.G.S. § 20-305(6)c2 where the notice stated that respondent had made the decision not to renew petitioner's franchise as part of an "overall effort" to "upgrade and reorganize"; the letter also recited as factors in its nonrenewal determination "facilities, location, after-sales service, financial resources and managerial skills and commitment"; and petitioner's alleged deficiencies in these areas were respondent's reasons for nonrenewal.

APPEAL by defendant from *Barnette, Judge.* Order entered 14 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 12 May 1989.

This case involves Jaguar Cars Inc.'s attempted nonrenewal of Star Automobile Company's (Star's) Jaguar franchise. Jaguar Cars Inc. (Jaguar) is the United States distributor of Jaguar automobiles. On 28 September 1984 Jaguar mailed a letter to Star indicating Jaguar's intent not to renew the franchise agreement between Jaguar and Star. Star received this letter on 1 October 1984. In pertinent part, the letter stated:

> We have previously advised you both by letter and in person of our intention not to offer your dealership a renewal contract for the sale and servicing of Jaguar products when the present arrangement between us expires on December 31, 1984. Pursuant to Section 20-305 of the General Statutes of North Carolina, this letter constitutes formal notification to you of that decision.
>
> As you know from our previous correspondence and discussions, our decision not to offer you a renewal of your dealer agreement has been taken as part of an overall effort by this company to upgrade and reorganize its retail sales and service representation in major market areas throughout the United States. It is our judgment that if the recent success of Jaguar is to continue, we must act now to remedy the serious deficiencies which exist in our dealer network. To accomplish that objective, we must reduce the size of our dealer body and upgrade the quality of representation we are receiving from many of the dealers who will continue to represent us.
>
> Our decision not to offer your dealership a renewal contract was made after careful consideration. In each market affected by our program, an evaluation of each dealership's facilities, location, after-sales service, financial resources and managerial skills and commitment was undertaken. Based upon our evaluation of that data and our assessment of what we require for effective representation in your market area, we have concluded that we cannot justify continuing with your dealership.

Star filed a petition with the Commissioner of Motor Vehicles seeking a hearing on whether Jaguar had good cause for nonre-

newal and had acted in good faith. Star also challenged the sufficiency of the notice it received in the letter Jaguar sent on 28 September 1984. In addition, Star sought damages from Jaguar for alleged unfair and deceptive trade practices and fraud. After a hearing the Commissioner found that proper notice had been given and that Jaguar had good cause for nonrenewal and had acted in good faith. The Commissioner denied Star's other claims.

Star appealed to superior court pursuant to G.S. 20-300 and Chapter 150B. The superior court reversed the Commissioner's decision stating in its order the following "reasons": (1) the notice required by G.S. 20-305(6) must state reasons for nonrenewal with sufficient specificity to inform the dealer of the legal grounds for nonrenewal; (2) the subjective knowledge of the dealer (franchisee) and information he has beyond that included in the written notice cannot be taken into account in determining the legal sufficiency of notice; (3) the letter of 28 September 1984 was legally insufficient to comply with G.S. 20-305(6); and (4) because the notice was insufficient, the Commissioner's determination of good cause and good faith is void because without valid. notice the Commissioner had no jurisdiction to decide the issues. The superior court also found that Star's claims for unfair and deceptive trade practices and fraud "ruled on by the Commissioner were done without authority, statutory or otherwise, in that the Commissioner did not have jurisdiction to rule in that these matters are within the exclusive original jurisdiction of the General Court of Justice." Jaguar appeals.

*Rivenbark, Kirkman, Alspaugh and Moore, by James B. Rivenbark, John W. Kirkman, Jr. and Rodney D. Tigges, and Burr and Forman, by D. Frank Davis, F. A. Flowers, III and Patrick F. Dye, Jr., for petitioner-appellee.*

*Townley and Updike, by Douglas C. Fairhurst, and Jordan, Price, Wall, Gray and Jones, for respondent-appellant.*

*Johnson, Gamble, Hearn and Vinegar, by Samuel H. Johnson and Richard J. Vinegar, for North Carolina Automobile Dealers Association, amicus curiae.*

EAGLES, Judge.

G.S. 20-305 provides that

[i]t shall be unlawful . . .:

(6) . . . to terminate, cancel or fail to renew any franchise with a licensed new motor vehicle dealer unless the manufacturer has: satisfied the notice requirements of subparagraph c.; and the Commissioner has determined, if requested in writing by the dealer . . ., and after a hearing on the matter, that there is good cause for the termination, cancellation, or nonrenewal of the franchise and that the manufacturer has acted in good faith as defined in this act regarding the termination, cancellation or nonrenewal.

The provisions of G.S. 20-305(6) apply to Jaguar because Jaguar is a "manufacturer" as defined in G.S. 20-286(8c) ("the term 'manufacturer' shall include the [term] 'distributor' . . ."). In order for Jaguar to lawfully exercise its right not to renew Star's franchise, Jaguar must have given Star proper notification and, if Star requests, the Commissioner must hold a hearing and find that Jaguar's nonrenewal decision was for good cause and made in good faith.

The superior court's judgment stated that:

The Order entered by the Commissioner of Motor Vehicles must be reversed for the following reasons:

1. The notification required by N.C.G.S. 20-305(6) must state the reasons for nonrenewal with sufficient specificity to inform the dealer of the legal grounds upon which the manufacturer is relying in refusing to renew the franchise agreement.

2. The subjective knowledge of the dealer as to its inadequacies as an automobile dealer, and the information given to it at other times or by other means by the manufacturer, cannot be taken into account in determining the legal sufficiency of the written notification required by N.C.G.S. 20-305(6); the notification standing alone must contain the necessary information in order to be legally sufficient.

3. Jaguar's "Notification of Nonrenewal" letter to Star, dated 28 September 1984, was legally insufficient to satisfy the requirements of N.C.G.S. 20-305(6) that the notification of intent to nonrenew inform the dealer "of the reasons for the . . . nonrenewal."

4. Since the notification of nonrenewal was legally insufficient, the Commissioner of Motor Vehicles' determination that

STAR AUTO CO. v. JAGUAR CARS INC.

[95 N.C. App. 103 (1989)]

good cause existed for the nonrenewal of Star's franchise, and that Jaguar acted in good faith, is void because the delivery of a legally sufficient notice of nonrenewal by Jaguar to Star is a prerequisite for the Commissioner to have jurisdiction to consider the matters raised by Star's petition to the Commissioner.

Jaguar excepted to the "reasons" given by the superior court in its judgment reversing the order of the Commissioner. Jaguar first contends that the "statement of the reasons for . . . nonrenewal" required of Jaguar by G.S. 20-305(6)c is different from a statement of legal grounds and a statement of legal grounds is not required under G.S. 20-305(6) to be included in a written notice of nonrenewal. Jaguar's second argument is that, contrary to the trial court's finding, Star's subjective knowledge of the reasons for nonrenewal should be taken into account when determining the sufficiency of the written notice of nonrenewal. Finally, Jaguar argues that the letter dated 28 September 1984 provided sufficient notice under the statute. We disagree with Jaguar's first two arguments. However, we agree with their final argument and hold that the letter dated 28 September 1984 provided sufficient notice of the reasons for nonrenewal and that the Commissioner was not deprived of jurisdiction because of insufficient notice to Star. Accordingly, we reverse in part the decision of the superior court and remand for further proceedings.

This case is essentially one of statutory interpretation. Any error in interpreting a statute is an error of law. "When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review." *Appeal of North Carolina Savings and Loan League*, 302 N.C. 458, 465, 276 S.E.2d 404, 410 (1981). "Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding." *Id.* at 466, 276 S.E.2d at 410.

G.S. 20-305(6)c2 provides that

[n]otification under this section shall be in writing; shall be by certified mail or personally delivered to the new motor vehicle dealer; and shall contain:

I.   A statement of intention to terminate, cancel or not to renew the franchise;

II.  A statement of the reasons for the termination, cancellation or nonrenewal; and

III. The date on which such termination, cancellation or nonrenewal takes effect.

The statement of reasons provision of G.S. 20-305(6)c2 has not been judicially interpreted in this State. There is a dearth of case law from other states with statutes comparable to G.S. 20-305. However, we note that the language of the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C.A. section 2801, et seq., is similar to G.S. 20-305. The PMPA provides that notification of termination or nonrenewal of a franchise relationship

(1) Shall be in writing;

(2) shall be posted by certified mail or personally delivered to the franchisee; and

(3) shall contain—

(A) a statement of intention to terminate the franchise or not to renew the franchise relationship, together with the reasons therefor;

(B) the date on which such termination or nonrenewal takes effect. . . .

15 U.S.C.A. section 2804(c). The notice provision of the PMPA has been the subject of a number of federal cases from which we draw in interpreting the notice provision of G.S. 20-305(6)c2.

In *Svela v. Union Oil Co. of California*, 807 F.2d 1494 (9th Cir. 1987), the court stated that the reasons given in the notice of nonrenewal must "be specific enough for the franchisee to determine whether nonrenewal rests on lawful grounds." *Id.* at 1498. The court in *Svela* distinguished between "reasons" and "grounds" for nonrenewal and stated that "the fact that the reasons stated in the notice are insufficient as grounds for nonrenewal under the PMPA does not mean the notice is insufficient." *Id.* In *Brach v. Amoco Oil Co.*, 677 F.2d 1213 (7th Cir. 1982), the court stated that "[t]he PMPA requires only that the franchisor articulate with sufficient particularity the basis for the decision not to renew so that the franchisee can determine his rights under the Act." *Id.*

at 1226, *citing Davy v. Murphy Oil Corp.*, 488 F.Supp. 1013, 1015 (W.D. Mich. 1980). *Accord Kessler v. Amoco Oil Co.*, 670 F.Supp. 853 (E.D. Mo. 1987); *Loomis v. Gulf Oil Corp.*, 567 F.Supp. 591 (M.D. Fla. 1983).

[1]   We agree with the language of these federal cases and affirm the portion of the superior court's order which requires the written notice to the franchisee to state reasons for nonrenewal "with sufficient specificity to inform the dealer of the legal grounds" for nonrenewal. We also agree with the trial court's holding that information the franchisee has received, other than that included in the written notice, may not be taken into account in evaluating the legal sufficiency of the written notice to the franchisee. *See Davy*, 488 F.Supp. at 1016. *But see Sutton v. Atlantic Richfield Co.*, 539 F.Supp. 658, 660 (C.D. Cal. 1982) ("[W]hen [the franchisor's] nonrenewal notice is considered in light of all facts known to [the franchisee], it appears that [the franchisor] provided sufficient information for [the franchisee] to verify [the franchisor's] compliance with PMPA.").

[2]   The superior court also found the written notice given by Jaguar to Star was inadequate. We disagree. The notice stated that Jaguar had made the decision not to renew Star's franchise as part of an "overall effort" to "upgrade and reorganize." Jaguar's letter also recited the factors that it used to make its nonrenewal determination: "facilities, location, after-sales service, financial resources and managerial skills and commitment." Star's alleged deficiencies in these areas were Jaguar's "reasons" for nonrenewal. We hold that the letter of 28 September 1984 was sufficiently specific to inform Star of Jaguar's basis for nonrenewal and to inform Star of its rights under the statute. We note that Jaguar, in proceedings following the notice, is limited to proof of the deficiencies it alleged in its letter as it seeks to show good cause for the nonrenewal. *See Midwest Petroleum Co. v. American Petrofina, Inc.*, 603 F.Supp. 1099, 1123 (E.D. Mo. 1985), *aff'd*, 855 F.2d 857 (8th Cir. 1988). Because the superior court erred in determining that the 28 September 1984 letter was not sufficient notification under the statute and consequently that the Commissioner of Motor Vehicles was without jurisdiction to hear the matter, we reverse that portion of the court's order. We hold that the letter notice to Star from Jaguar was adequate to comply with the statutory notice requirement. However, we remand the cause to the superior

court for consideration on the merits the issues of the adequacy of the good cause alleged for nonrenewal and Jaguar's good faith.

We note that Jaguar assigned as error the finding by the superior court that the Commissioner did not have jurisdiction to consider Star's claims of unfair and deceptive trade practices and fraud. Jaguar has failed to argue this assignment of error in its brief. It is deemed abandoned. Rule 28(b), N.C. Rules of App. Pro.

For the reasons stated, the order of the superior court is affirmed in part, reversed in part and remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

Judges PARKER and ORR concur.