I. CARY NAILING, Appellee, v. UNC-CH, Appellant

No. 9315SC1299

(Filed 20 December 1994)

1. **Public Officers and Employees § 63 (NCI4th)— appeal from dismissal—failure to file petition—no jurisdiction of OAH**

The Office of Administrative Hearings did not have subject matter jurisdiction over petitioner's appeal from her dismissal as an employee of UNC-CH under N.C.G.S. § 126-35 for lack of "just cause" or under N.C.G.S. § 126-36 since petitioner did not file a timely petition for a contested case hearing and thus did not follow respondent's grievance procedure regarding the appeal from her dismissal, nor did she file a petition within 30 days after receipt of notice of the decision or action which triggered the right of appeal to commence a contested case hearing. Further, petitioner's amendment of her prehearing statement in her original pending contested case hearing for removal of disciplinary

warnings to include the issue of her termination was not equivalent to the filing of a petition as required under Article 3 of Chapter 150B to commence a contested case hearing in the OAH.

**Am Jur 2d, Civil Service §§ 52 et seq.**

**Termination of public employment: right to hearing under due process clause of Fifth or Fourteenth Amendment—Supreme Court cases. 48 L. Ed. 2d 996.**

2. **Public Officers and Employees § 63 (NCI4th)— warnings not removed from personnel file—right of employee to appeal—status as former employee irrelevant**

Petitioner had the right to appeal respondent's action of not removing all the warnings from the personnel file and the decision that another warning could be put in place of one that was removed to the OAH, and petitioner's status as a "former" State employee did not render her petition moot. N.C.G.S. § 126-25.

**Am Jur 2d, Civil Service §§ 52 et seq.**

**Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.**

On writ of certiorari to review order entered 2 August 1993 by Judge George R. Greene in Orange County Superior Court. Heard in the Court of Appeals 15 September 1994.

Prior to this action, Petitioner I. Cary Nailing was an employee of Respondent University of North Carolina at Chapel Hill. On 13 April 1992, while still employed by respondent, petitioner filed a petition for a contested case hearing in the Office of Administrative Hearings (the "OAH") alleging that she had received from respondent "a series of disciplinary warnings which were unjust and retaliatory." The parties filed prehearing statements, and a hearing in this action was scheduled for January 1993.

Thereafter, respondent notified petitioner that she had been terminated effective 28 September 1992, and petitioner attempted to amend her prehearing statement to include her termination as an issue for review. On 20 April 1993, Administrative Law Judge Becton entered a final decision finding that petitioner could not appeal her dismissal by attempting to amend her prehearing statement and that petitioner had failed to follow the proper procedure for appealing her dismissal. Judge Becton also found that since petitioner had been dis-

missed from employment, the issues involved in the contested case regarding the warnings were moot. Based on these findings, Judge Becton dismissed petitioner's petition for a contested case hearing.

On 19 May 1993, petitioner filed a petition for judicial review in Orange County Superior Court. Respondent filed a motion to dismiss petitioner's petition based on lack of subject matter jurisdiction. On 2 August 1993, Judge George R. Greene filed an order finding that "[t]here was a continuing sequence of actions in this Contested Case[,]" the last being "the firing of [p]etitioner." Further, Judge Greene found that "no earlier acts which were timely and properly contested could be 'moot' and no later continuing acts could be untimely nor [sic] improperly contested." Based on these findings, Judge Greene remanded the contested case to the OAH "for a full hearing on all of the issues in this case . . . ." On 24 September 1993, respondent filed a petition for writ of certiorari with this Court, and on 13 October 1993, this Court granted respondent's petition.

*Alan McSurely for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Barbara A. Shaw, for respondent-appellant.*

ORR, Judge.

The issues raised by this appeal are whether the trial court erred in remanding this case to the OAH for a hearing on (1) whether respondent's termination of petitioner violated petitioner's substantive and procedural rights, and (2) the issues regarding respondent's warnings to petitioner. Because we find that OAH lacked subject matter jurisdiction over petitioner's case regarding her dismissal, we conclude that as to this issue, the trial court erred. On the issue of respondent's warnings, however, we conclude that the trial court properly remanded this action for a hearing on whether the warnings should be removed from petitioner's file.

Prior to this action, petitioner was employed by respondent as a Medical Laboratory Technologist III in the Department of Pediatrics in the Cytogenetics Laboratory of respondent's medical school. On 22 February 1991, petitioner received an oral warning regarding her conduct and work performance. Thereafter, on 6 March 1991, petitioner received a written warning concerning her work performance, which petitioner alleged was a result of her contacting the Human

Resources Department "to ask for guidance about how to deal with the Oral Warning."

Subsequently, pursuant to respondent's internal grievance procedure, petitioner filed a grievance regarding these warnings with her supervisor. Petitioner's grievance was reviewed by the head of the Cytogenetics Laboratory and denied. Petitioner appealed the denial of her grievance to the Office of the Associate Vice Chancellor for Human Resources pursuant to Step 2 of respondent's internal grievance procedure, and it was denied again. Petitioner then filed an appeal with the Office of the Associate Vice Chancellor for Human Resources to be heard by a panel of three Staff Grievance Committee members consisting of one faculty member and two staff employees appointed by the Chair of the Committee in accordance with Step 3 of the grievance procedure.

Subsequently, on 19 September 1991, while her appeal was pending at Step 3, petitioner received two more written warnings, one warning regarding petitioner's work performance and the other warning regarding petitioner's unexcused absences from work. Petitioner's grievance regarding these two warnings was denied at Step 1 and 2, and petitioner appealed to Step 3.

The two grievances were consolidated at Step 3, and a hearing was held on these four warnings. Following the hearing, by letter dated 11 March 1992, Chancellor Hardin notified petitioner of his decision that the 22 February 1991 oral warning would be withdrawn; however, "[i]f the supervisor chooses, a Report of Oral Warning for performance (the weekend rotation) and conduct (leaving work without permission) may be substituted." Further, Chancellor Hardin notified petitioner that he agreed with the panel's finding that the written warning of 6 March 1991 "was issued in retaliation for the earlier grievance" and informed petitioner that this warning would be withdrawn from petitioner's file. Chancellor Hardin also notified petitioner that the 19 September 1991 warnings would remain in petitioner's file.

On 13 April 1992, petitioner filed a petition for a contested case hearing in the OAH for "[u]njust [d]iscipline and violation of UNC-CH Rules." Administrative Law Judge Becton entered an order directing the parties to each file a prehearing statement containing their positions with regard to the following:

1.   The issues to be resolved, and the statutes, rules, and legal precedent involved;

2. A brief statement of the facts and reasons supporting the party's position on each matter in dispute;

3. A list of proposed witnesses;

4. Whether you wish to pursue discovery. If so, the length of time required;

5. Requested location of hearing(s);

6. Estimated length of hearing;

7. If you do not have an attorney, your home and business addresses and telephone numbers;

8. The date by which you will be ready to have a hearing in this case; and

9. Other special matters.

During the pendency of this action, by letter dated 29 September 1992, the Director of Cytogenetic Laboratory informed petitioner that she was terminated from her employment with respondent as of 28 September 1992 "for personal conduct reasons[.]" The letter stated that the decision to terminate petitioner's employment was based on petitioner's conduct on 23 September 1992 and 24 September 1992 which the letter described as constituting "verbal abuse," "physical intimidation," and "insubordination."

Specifically, the letter described petitioner's conduct upon which her termination was based as follows: In September 1992, petitioner switched a "rush" case that was assigned to petitioner to Ms. Parker, a technologist who was out on sick leave, and assigned a routine case of Ms. Parker's to petitioner. Upon finding out that petitioner had switched these cases, on 23 September 1992, the Laboratory Lead Technologist and petitioner's direct supervisor approached petitioner about the switch. At first petitioner told these two supervisors that she had "initially made the switch because [she] had mistakenly picked up the wrong tube of patient cells and had prepared slides on Ms[.] Parker's case . . . rather than [petitioner's] own case." Petitioner then assigned herself back to the previous rush case, which had almost been completed, and assigned another rush case of petitioner's to Ms. Parker. At that time, one of the supervisors informed petitioner that a technologist out on sick leave could not be assigned a "rush" case, and petitioner "became progressively more hostile, more angry, and verbally abusive." Petitioner raised her "assignment clip

board over [her] head in a threating [sic] manner and screamed abusively at both of [the supervisors]."

Thereafter, one supervisor left and the other supervisor "chose to stay in the room and talk with [petitioner] until she was sure that [petitioner] understood exactly what [her] instructions were concerning the patient assignments." This supervisor "made it clear to [petitioner] that [she was] to start the rush case that [petitioner] had just reassigned to Ms. Parker] and at a minimum screen the case that day . . . ." On 24 September 1992, petitioner came to work and approached Ms. Parker, who was back from her sick leave, and "requested that she switch cases with [petitioner], accepting responsibility for . . . the rush case which was under discussion the day before, while [petitioner] took one of Ms[.] Parker's more routine cases."

Further, the letter stated:

You have the right to appeal this action through the University's Dispute Resolution and Staff Grievance Procedure. A copy of the procedure is attached for your reference. You may contact the Counseling Service Department for assistance in using this procedure or, if eligible, you may file a Step 4 Appeal with the State Personnel Commission.

Step 4 of the Staff Grievance Procedure states, "[i]f the Step 3 decision is unsatisfactory to the employee, the employee may appeal to Step 4, the State Personnel Commission, if eligible, according to State Personnel Commission rules." ·

Petitioner initiated a Step 2 grievance of her dismissal as allowed by respondent's internal grievance procedures. By letter dated 16 November 1992, respondent notified petitioner of the decision to uphold her dismissal and of the filing deadline for a Step 3 appeal. Petitioner did not, however, file a Step 3 appeal or file a petition for a contested case hearing in the OAH regarding her dismissal. Instead, petitioner moved to amend her prehearing statement in the contested case that was pending before Judge Becton in the OAH involving the four warnings to include the issue of her termination for review by the OAH. On appeal, respondent first contends that the OAH lacks subject matter jurisdiction to review petitioner's dismissal because petitioner failed to properly file a petition for a contested case hearing in the OAH with regards to her dismissal.

**[1]** Petitioner is a former employee of the University of North Carolina at Chapel Hill. The University of North Carolina is expressly exempt from the administrative hearings provisions of the North Carolina Administrative Procedure Act (the "NCAPA"), *see* N.C. Gen. Stat. § 150B-1(f); thus, "under the plain meaning of the NCAPA, [petitioner] can be entitled to an administrative hearing to appeal [her] grievance to the OAH only by virtue of another statute." *Empire Power Co. v. N.C. Dep't of Env't, Health and Natural Resources, Div. of Envtl. Management,* 337 N.C. 569, 579, 447 S.E.2d 768, 774 (1994).

Chapter 126 of the North Carolina General Statutes gives State employees the right to an administrative hearing in the OAH for actions arising under Chapter 126. Specifically, N.C. Gen. Stat. § 126-37(a) provides, "[a]ppeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B . . . ."

In the present case, the only provisions under Chapter 126 that could possibly provide petitioner with an avenue of appeal from her dismissal to the OAH are N.C. Gen. Stat. §§ 126-35, 126-36. At the time of this action, N.C. Gen. Stat. § 126-35 stated, "[n]o permanent employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." Under N.C. Gen. Stat. § 126-36,

> [a]ny State employee or former State employee who has reason to believe that employment, promotion, training, or transfer was denied him or that demotion, layoff or termination of employment was forced upon him in retaliation for opposition to alleged discrimination or because of his age, sex, race, color, national origin, religion, creed, political affiliation, or handicapped [handicapping] condition as defined by G.S. 168A-3 . . . shall have the right to appeal directly to the State Personnel Commission.

In order for the OAH to have jurisdiction over petitioner's appeal pursuant to N.C. Gen. Stat. §§ 126-35, -36 however, petitioner is required to follow the statutory requirements outlined in Chapter 126 for commencing a contested case. *See Lewis v. North Carolina Dep't of Human Resources,* 92 N.C. App. 737, 739, 375 S.E.2d 712, 714 (1989) ("The right to appeal to an administrative agency is granted by statute, and compliance with statutory provisions is necessary to sustain the appeal.").

N.C. Gen. Stat. § 126-37(a) requires that appeals under Chapter 126 involving a contested case be conducted as provided in Article 3 of Chapter 150B. Article 3 of Chapter 150B provides:

A contested case shall be commenced by filing a petition with the Office of Administrative Hearings . . . . The party who files the petition shall serve a copy of the petition on all other parties . . . . A party who files a petition shall file a certificate of service together with the petition. A petition shall be signed by a party or a representative of the party and, if filed by a party other than an agency, shall state facts tending to establish that the agency named as the respondent has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, or has otherwise substantially prejudiced the petitioner's rights and that the agency:

(1) Exceeded its authority or jurisdiction;

(2) Acted erroneously;

(3) Failed to use proper procedure;

(4) Acted arbitrarily or capriciously; or

(5) Failed to act as required by law or rule.

. . .

A local government employee, applicant for employment, or former employee to whom Chapter 126 of the General Statutes applies may commence a contested case under this Article in the same manner as any other petitioner.

N.C. Gen. Stat. § 150B-23 (emphasis added). Further, N.C. Gen. Stat. § 126-37(a) provides "that no grievance may be appealed unless the employee has complied with G.S. 126-34" which, at the time of this action, stated,

[a]ny permanent State employee having a grievance arising out of or due to his employment and who does not allege discrimination because of his age, sex, race, color, national origin, religion, creed, handicapping condition as defined by G.S. 168A-3, or political affiliation shall first discuss his problem or grievance with his supervisor and follow the grievance procedure established by his department or agency.

N.C. Gen. Stat. § 126-34; See Batten v. N.C. Dep't of Correction, 326 N.C. 338, 343, 389 S.E.2d 35, 38-39 (1990). In addition to these require-

ments under Chapter 126, a petition for a contested case must be filed with the OAH "as provided in G.S. 150B-23(a) no later than 30 days after receipt of notice of the decision or action which triggers the right of appeal." N.C. Gen. Stat. § 126-38.

In the present case, it is undisputed that petitioner did not follow respondent's grievance procedure regarding the appeal from her dismissal. Pursuant to N.C. Gen. Stat. §§ 126-37(a), -34, the OAH would not, therefore, have subject matter jurisdiction over petitioner's appeal from her dismissal under N.C. Gen. Stat. § 126-35 for lack of "just cause" that does not allege discrimination. Thus, we turn to the issue of whether the OAH had jurisdiction over petitioner's case involving alleged discrimination for her alleged handicapping condition pursuant to N.C. Gen. Stat. § 126-36.

Under N.C. Gen. Stat. § 126-36, petitioner has an automatic right to appeal her dismissal to the Commission without following respondent's internal grievance procedure. Petitioner is still, however, bound to follow the other requirements of Chapter 126 of filing a petition within thirty days after receipt of notice of "the decision or action which triggers the right of appeal" to commence a contested case in the OAH.

With regard to petitioner's receipt of notice of her dismissal, Judge Becton found:

On September 29, 1992, the [r]espondent sent a letter to the [p]etitioner notifying her of her dismissal from employment, effective September 28, 1992, as a result of unacceptable personal conduct.

The [r]espondent hand-delivered a copy of the September 29, 1992 letter of termination to the [p]etitioner on October 6, 1992.

Petitioner did not, however, file a petition for a contested case hearing in the OAH regarding her dismissal within thirty days from either 29 September 1992 or 6 October 1992. Instead, in October 1992, petitioner filed a motion to amend her prehearing statement to add the issue of whether respondent violated her substantive and procedural rights by terminating her employment and to add N.C.G.S. § 126-35 to the portion of the prehearing statement entitled "Statutes, Rules and Legal Precedents Involved." As already discussed, petitioner could not proceed under N.C. Gen. Stat. § 126-35 for a "just cause" violation without first following respondent's internal grievance procedure.

Thereafter, in January, 1993, petitioner filed her second motion to amend her prehearing statement to add the issue of whether petitioner's termination violated her substantive and procedural rights "including the right not to be discriminated against because of a handicapping condition" and to add N.C. Gen. Stat. § 126-36 to the section of the prehearing statement entitled "Statutes, Rules and Legal Precedents Involved." Assuming *arguendo* that petitioner could properly amend her prehearing statement, we do not find such amendment equivalent to the filing of a petition as required under Article 3 of Chapter 150B to commence a contested case hearing in the OAH. In addition, we also find that this amendment was filed after the statutory thirty days.

Because Chapter 126 makes compliance with the procedures of Article 3 mandatory, *see* N.C. Gen. Stat. § 126-37(a) ("[a]ppeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter <u>shall</u> be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B"), jurisdiction over a contested case hearing arising under Chapter 126 is not conferred upon the OAH unless petitioner follows such procedures. (Emphasis added.) *See, e.g., Gummels v. North Carolina Dep't of Human Resources*, 98 N.C. App. 675, 392 S.E.2d 113 (1990) (upholding dismissal of petition for a contested case involving a decision of the Department of Human Resources for failing to comply with the statutory deadline for filing the petition in the OAH); *Lewis*, 92 N.C. App. 737, 375 S.E.2d 712 (upholding dismissal of employee's grievance for failure to timely file grievance with employer as established by employer's internal grievance procedure when G.S. § 126-34 required the employee to follow such procedures). In the present case, petitioner has failed to follow the procedure outlined in Article 3 of Chapter 150B for commencing her contested case hearing; the OAH does not, therefore, have subject matter jurisdiction over petitioner's case regarding her dismissal.

Petitioner argues, however, that amending her prehearing statement is equivalent to amending her petition. We disagree. Filing a petition in the OAH to commence a contested case hearing is a mandatory step for the OAH to exercise subject matter jurisdiction over petitioner's appeal under Chapter 126. *See* N.C. Gen. Stat. §§ 126-37(a), 150B-23. Whether a prehearing statement should be filed is within the discretion of the administrative law judge. *See* N.C. Gen. Stat. § 150B-23(a2) ("An administrative law judge assigned to a contested case <u>may</u> require a party to the case to file a prehearing state-

ment." (Emphasis added.)). If the administrative law judge requires a party to file a prehearing statement, the prehearing statement is filed *after* the contested case has already been commenced by filing the petition pursuant to N.C. Gen. Stat. § 150B-23.

We note, however, that the issue of whether petitioner could have properly amended her petition for a contested case, as opposed to her prehearing statement, in a timely fashion to allege a claim for discrimination under N.C.G.S. § 126-36 in order to confer jurisdiction over her claim for discrimination due to a handicapping condition is not before us, and we do not decide that issue today.

[2] Having determined that the OAH lacks subject matter jurisdiction over petitioner's appeal from her dismissal, we turn to the question of whether the trial court erred in remanding this case for a hearing on respondent's warnings to petitioner.

Again, we look to Chapter 126 to determine whether petitioner had the right to maintain her appeal of these warnings in the OAH. N.C.G.S. § 126-25 provides:

> An employee, former employee or applicant for employment who objects to material in his file because he considers it inaccurate or misleading may seek the removal of such material from his file in accordance with the grievance procedure of that department, including appeal to the State Personnel Commission.

In the present case, after receiving two warnings, petitioner filed a grievance with respondent alleging that her supervisor had "given the lab [d]irector . . . misleading reports of [petitioner's] actions." While this grievance was pending, petitioner received two more warnings, for which she filed another grievance with respondent. In response to these grievances, the Chancellor of the University removed one of the warnings from petitioner's file as being inappropriate and retaliatory, removed another warning from petitioner's file but informed the supervisor that he could replace this warning with a different warning, and left the other two warnings in petitioner's file. Our review of petitioner's first grievance filed with respondent and respondent's response to both grievances shows that petitioner sought to have these warnings removed from her personnel file as misleading.

Thereafter, petitioner filed her petition for a contested case hearing in the OAH for "[u]njust [d]iscipline and violation of UNC-CH Rules." In support of this petition, petitioner listed the following allegations:

(1) At the agency level, I grieved [sic] a series of disciplinary warnings which were unjust and retaliatory.

(2) The agency head [a]rbitrarily and in violation of [g]rievance rules, [a]dvised that one disciplinary action should be removed BUT something else could be put in its place.

During the pendency of this appeal, petitioner was terminated.

Subsequently, by the plain language of N.C. Gen. Stat. § 126-25, we conclude that petitioner had the right to appeal the respondent's action of not removing all the warnings from her file and the decision that another warning could be put in place of one that was removed to the OAH. Additionally, petitioner's status as a "former" state employee does not render her petition moot as N.C. Gen. Stat. § 126-25 gives a former state employee the right to appeal under this provision.

Accordingly, we conclude that the trial court properly remanded this action for a hearing on whether the warnings should be removed from petitioner's file; we reverse, however, the trial court's decision to remand this action for a hearing on petitioner's dismissal.

Affirmed in part, reversed in part.

Judges EAGLES and JOHN concur.