No. COA12-67

(Filed: 7 August 2012)

ANTHONY E. SCOTT, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, NORTH CAROLINA HIGHWAY PATROL, Defendant

No. COA12-67

(Filed 7 August 2012)

**Administrative Law—contested case—petition for judicial review—jurisdiction—payment of filing fee**

The trial court erred by concluding that plaintiff state trooper's failure to pay the required filing fee on or before 11 March 2010 deprived the Office of Administrative Hearings of jurisdiction to consider plaintiff's challenge to defendant's dismissal decision. Additional proceedings were required to be conducted in the trial court in order to fully resolve the issues raised by defendant's petition for judicial review.

Appeal by plaintiff from judgment entered 22 July 2011 by Judge Marvin K. Blount, III, in Wake County Superior Court. Heard in the Court of Appeals 22 May 2012.

*Barry Nakell for Plaintiff-Appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Tamara Zmuda for Defendant-Appellant.*

ERVIN, Judge.

Plaintiff Anthony E. Scott appeals from an order granting a dismissal motion filed by Defendant North Carolina Department of Crime Control and Public Safety predicated on the fact that Plaintiff failed to satisfy a jurisdictional prerequisite for the consideration of his petition for a contested case hearing by the Office of Administrative Hearings given that he did not pay the required filing fee simultaneously with the submission of his petition. On appeal, Plaintiff contends that the trial court erroneously granted Defendant's motion given that payment of the requisite filing fee at the time that a petition is filed with the OAH is not a prerequisite to the invocation of OAH's jurisdiction. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Wake County Superior Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

### A. Substantive Facts

On 19 August 2009, North Carolina Highway Patrol Internal Affairs Captain P.A. Poole initiated an investigation concerning Plaintiff, who was, at that time, a Master Trooper with the North Carolina State Highway Patrol. At the conclusion of Captain Poole's investigation, Plaintiff was charged with several violations of Highway Patrol policy, including engaging in conduct unbecoming a trooper, failing to activate his in-car video camera during traffic stops, abusing his official position, willfully violating a direct order, and neglecting his duties. In light of the institution of these charges, Colonel W.R. Glover, the commander of the State Highway Patrol, demoted Plaintiff from Master Trooper to Trooper and reduced his salary by 15%. Although Plaintiff initially agreed to accept Colonel Glover's disciplinary decision, he submitted a challenge to that decision for consideration by Secretary Reuben F. Young of the Department of Crime Control and Public Safety on 22 December 2009 following his reassignment to a different location.

Upon receipt of Plaintiff's submission, Secretary Young requested that an Employee Advisory Committee be convened to hear Plaintiff's appeal. Although the Employee Advisory Committee recommended upholding the discipline that had been imposed upon Plaintiff, Secretary Young directed Plaintiff to attend a Pre-Dismissal Conerence after concluding that the initial allegations that had been

made against Plaintiff were valid and that Plaintiff had made false statements both at the time of the initial investigation and on appeal. Although Plaintiff attempted to "involuntarily" resign from his employment with the Highway Patrol based upon alleged "[d]uress, [c]oercion, and [i]ntolerable [c]onditions," Secretary Young declined to accept Plaintiff's resignation and rescheduled the Pre-Dismissal Conference. On 9 February 2010, Secretary Young terminated Plaintiff's employment for the reasons set forth in the notice convening the Pre-Dismissal Conference.

## B. Procedural History

On 11 March 2010, Plaintiff electronically filed a Petition for a Contested Case Hearing with the OAH for the purpose of challenging Secretary Young's decision to terminate his employment.[1] On the same date, Plaintiff mailed two signed copies of the petition to the Clerk of the OAH. Plaintiff did not pay the required filing fee at the time that he filed and mailed the petition. On 17 March 2010, the OAH notified Plaintiff by means of a letter dated 16 March 2010 that "[y]ou must include a filing fee of $20.00 in order for your petition to be processed."[2] On the same date, Plaintiff's counsel mailed an official check to the Clerk of the OAH; however, the check in question was neither returned nor cashed.[3] As a result, Plaintiff's counsel mailed another official check to the Clerk of the OAH on 22 March 2010. On 23 March 2010, the OAH received Plaintiff's check and began processing his petition.

On 10 September 2010, Defendant filed a motion seeking the dismissal of Plaintiff's petition based upon his alleged failure to pay the required filing fee in a timely manner. On 26 October 2010, Senior Administrative Law Judge Fred G. Morrison Jr., denied Defendant's

---

1. According to 26 N.C.A.C. 03.0101(d), OAH "permit[s] the filing of contested case documents and other pleadings by facsimile (fax) or electronic mail," with "[t]he faxed or electronic documents [to] be deemed a filing" as long as "the original signed document, one copy and the appropriate filing fee (if a fee is required by [N.C. Gen. Stat. §] 150B-23.2) is received by the OAH within seven business days following the faxed or electronic transmission."

2. The amount of the required filing fee is specified in 26 N.C.A.C. 03.0103 and in N.C. Gen. Stat. § 150B-23.2(a).

3. The permissible methods for paying the required filing fee are cash, money order, certified check, or a "check drawn on an attorney's trust account or operating account." 26 N.C.A.C. 03.0103(g).

dismissal motion,[4] granted summary judgment in favor of Plaintiff, and ordered that Plaintiff be reinstated at the rank and salary that he held in the immediate aftermath of his demotion. Although Defendant challenged Judge Morrison's decision before the State Personnel Commission, the Commission upheld Judge Morrison's order.

On 3 February 2011, Defendant filed a Petition for Judicial Review in the Wake County Superior Court for the purpose of obtaining review of the State Personnel Commission's final decision. On 30 June 2011, Defendant filed a motion to dismiss the petition that Plaintiff had filed with the OAH on the grounds that Plaintiff's failure to pay the required filing fee at the time that he filed the petition deprived the OAH of jurisdiction over Plaintiff's challenge to Secretary Young's dismissal decision. Defendant's motion to dismiss came on for hearing before the trial court at the 19 July 2011 civil session of Wake County Superior Court. On 22 July 2011, the trial court entered an order concluding that Plaintiff's failure to pay the required filing fee on or before 11 March 2010 deprived both the OAH and the State Personnel Commission of jurisdiction over Plaintiff's challenge to Secretary Young's dismissal decision, necessitating the entry of an order dismissing Plaintiff's petition. On 8 August 2010, Plaintiff filed a motion seeking relief from the trial court's order pursuant to N.C. Gen. Stat § 1A-1, Rules 59 and 60. After further filings by both parties, the trial court entered an order denying Plaintiff's motion on 6 September 2011. Plaintiff noted an appeal to this Court from the 22 July 2011 and 6 September 2011 orders.

## II. Legal Analysis

### A. Standard of Review

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citation omitted). Without jurisdiction over the subject matter of a particular proceeding, a tribunal lacks the authority to address the merits of the matter which has come before it for decision. *Id.* "In order for the OAH to have jurisdiction over [a] petitioner's appeal . . . petitioner is required to follow the statutory requirements outlined in Chapter 126 [of the

---

4. Judge Morrison reached this conclusion because Defendant "did not give [Plaintiff] notice of the filing fee requirement[;]" because Plaintiff "timely mailed the filing fee to the [OAH], though it was not received[;]" because Plaintiff subsequently "mailed the filing fee to the [OAH] and it was received[;]" and because "the filing fee requirement, being waivable, is not jurisdictional[.]"

General Statutes] for commencing a contested case." *Nailing v. UNC-CH*, 117 N.C. App. 318, 324, 451 S.E.2d 351, 355 (1994), *disc. review denied*, 339 N.C. 614, 454 S.E.2d 255 (1995). "Whether a trial court has subject matter jurisdiction is a question of law, reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

### B. Timing of Filing Fee

As we have already noted, the trial court dismissed Plaintiff's OAH petition because he failed to pay the required filing fee at the time that he filed his petition for a contested case hearing. In essence, the trial court concluded that Plaintiff's failure to pay the filing fee on or before the date upon which his petition was due raised "an issue of jurisdiction, which is dispositive."[5] Plaintiff, on the other hand, contends that the extent to which he paid the required filing fee simultaneously with the filing of his petition for a contested case does not have jurisdictional implications, so that any failure on his part to make the required payment on 11 March 2010 does not necessitate the dismissal of Plaintiff's OAH petition. Plaintiff's argument has merit.

A proper resolution of the issue before the Court in this case hinges upon an interpretation of the Administrative Procedure Act's provisions governing the time within which a contested case must be commenced. "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation omitted). "The interpretation of a statute given by the agency charged with carrying it out is entitled to great weight." *Frye Reg'l Med. Ctr. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (citing

---

5. Although Defendant notes that the trial court also referenced the doctrine of sovereign immunity in dismissing Plaintiff's OAH petition and argues that Plaintiff's failure to challenge this determination on appeal requires us to uphold the trial court's order regardless of our decision with respect to the impact of Plaintiff's failure to pay the required filing fee on or before 11 March 2011, it is clear from a careful reading of the trial court's order that the existence of a sovereign immunity bar stemmed solely from "[Plaintiff's] fail[ure] to comply with the statutorily prescribed requirements for timely commencing his contested case." As a result, by challenging the trial court's decision that Plaintiff's failure to pay the required filing fee on or before 11 March 2010 necessitated the dismissal of his OAH petition, Plaintiff clearly attacked the trial court's resolution of the sovereign immunity issue as well.

*High Rock Lake Assoc. v. Environmental Management Comm.*, 51 N.C. App. 275, 279, 276 S.E.2d 472, 475 (1981)).

According to N.C. Gen. Stat. § 150B-23(a), "[a] contested case shall be commenced by paying a fee in an amount established in [N.C. Gen. Stat. §] 150B-23.2 and by filing a petition with the Office of Administrative Hearings . . . ." Although "the general limitation for the filing of a petition in a contested case is 60 days" from the date "when notice is given of the agency decision to all persons aggrieved," N.C. Gen. Stat. § 150B-23(f), "[a]n employee appealing any decision or action [involving issues arising under the State Personnel Act] shall file a petition for a contested case with the [OAH] . . . no later than 30 days after receipt of the notice of the decision or action which triggers the right of appeal." N.C. Gen. Stat. § 126-38. "All fees that are required to be assessed, collected, and remitted under [N.C. Gen. Stat. § 150B-23(a)] shall be collected by the [OAH] at the time of commencement of the contested case (except in suits *in forma pauperis)*." N.C. Gen. Stat. § 150B-23.2(b).

An analysis of the plain language in which the relevant statutory provisions are couched indicates that the 30 day time limit specified in N.C. Gen. Stat. § 126-38 only applies to the filing of the petition and not to the payment of the required fee. On the contrary, N.C. Gen. Stat. § 126-38 indicates that the applicable temporal requirement is satisfied if the petition for a contested case hearing is filed within 30 days of the date upon which the employee receives "notice of the decision or action which triggers the right of appeal."[6] Although N.C. Gen. Stat. § 150B-23(a) treats both the filing of the petition and the payment of the required fee as necessary to permit the commencement of a contested case and although N.C. Gen. Stat. § 150B-23.2(b) requires the OAH to collect any required fees "at the time of the commencement of the contested case," nothing in the relevant statutory language requires the payment of the required fee simultaneously with the filing of the petition as a precondition for the invocation of the OAH's jurisdiction. Simply put, the relevant statutory provisions treat the filing of a petition and the payment of the required fee as two distinct acts, the first of which must occur as of the date specified in N.C. Gen. Stat. § 150B-23(f), or some other applicable statutory provision, such as N.C. Gen. Stat. § 126-38, and the second of which

---

6. The same is true of N.C. Gen. Stat. § 150B-23(f), which indicates that the temporal requirement set out in that statutory subsection is satisfied in the event that the petition is filed within 60 days of the date upon which the aggrieved party receives notice of the challenged agency action.

involves efforts by the OAH to collect any required fee "at the time of the commencement of the contested case." N.C. Gen. Stat. § 150B-23.2(b). According to the procedures set out in 26 N.C.A.C. 03.0103, to which we are required to give deference, *Frye Reg'l*, 350 N.C. at 45, 510 S.E.2d at 163, given their consistency with our understanding of the applicable statutory provisions, the OAH commences its efforts to collect the required fee simultaneously with the filing of a petition seeking to initiate a contested case and affords the litigant a reasonable time within which to make the required payment. The relevant statutory provisions do not, as we understand them, require more. As a result, the trial court erred by concluding that Plaintiff's failure to pay the required filing fee on or before 11 March 2010 deprived the OAH of jurisdiction[7] to consider Plaintiff's challenge to Defendant's dismissal decision.[8]

### III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by granting Defendant's motion to dismiss Plaintiff's petition for a contested case on jurisdictional grounds. In light of its decision to dismiss Plaintiff's OAH petition on jurisdictional grounds, the trial court refrained from addressing Defendant's remaining challenge to the State Personnel Commission's decision to uphold Judge Morrison's order granting summary judgment in favor of Plaintiff. For that reason, additional proceedings must be conducted in the trial court in order to fully resolve the issues raised by Defendant's petition for judicial review. *Star Auto. Co. v. Jaguar Cars, Inc.*, 95 N.C. App. 103, 109-10, 382 S.E.2d 226, 230 (holding that, since the trial

---

7. The OAH does not, of course, lack authority to dismiss a petition based upon a litigant's failure to pay the required filing fee in a timely manner in appropriate circumstances. According to N.C. Gen. Stat. § 1A-1, Rule 41(b), which applies in contested case proceedings pursuant to 26 N.C.A.C. 03.0101(b), the OAH retains the authority to involuntarily dismiss a contested case in the event that the litigant fails "to comply with these rules or any order of court." However, given that Defendant has not challenged the validity of Judge Morrison's discretionary decision to refrain from dismissing Plaintiff's petition for a contested case hearing based upon Plaintiff's failure to pay the required filing fee within the time specified in 26 N.C.A.C. 03.0101(d), we need not address this issue in order to decide the present case.

8. The parties engaged in an extensive discussion of decisions from other jurisdictions concerning the extent, if any, to which a litigant's failure to pay a required filing fee at the time that that litigant filed a complaint or a petition constituted a jurisdictional defect. However, given our conclusion that the relevant statutory provisions applicable to this case clearly establish that a litigant's failure to pay the required filing fee on or before the date specified for the filing of the petition seeking to initiate a contested case proceeding does not deprive the OAH of jurisdiction, we need not analyze those decisions in any detail for purposes of deciding this case.

court erred by concluding that the plaintiff failed to comply with the applicable statutory notice requirement, "we remand the cause to the superior court for consideration on the merits the issues of the adequacy of the good cause alleged for nonrenewal and Jaguar's good faith"), *disc. review denied*, 325 N.C. 710, 388 S.E.2d 463 (1989). As a result, the trial court's order should be, and hereby is, reversed and this case should be, and hereby is, remanded to the Wake County Superior Court for consideration of the remaining issues raised in Plaintiff's petition for judicial review.

REVERSED AND REMANDED.

Judges MCGEE and STEELMAN concur.