IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-165

Filed 5 November 2024

Office of Administrative Hearings, No. 23OSP04002

JAMES HAWHEE, Petitioner,

v.

WAKE COUNTY, Respondent.

Appeal by petitioner from order entered 27 October 2023 by Administrative Law Judge Michael C. Byrne in the Office of Administrative Hearings. Heard in the Court of Appeals 11 September 2024.

*James M. Hawhee, pro se for petitioner-appellant.*

*Roger A. Askew, Senior Deputy County Attorney, for respondent-appellee.*

FLOOD, Judge.

Petitioner James Hawhee appeals the order by the North Carolina Office of Administrative Hearings ("OAH") dismissing his claim that he was terminated without just cause for lack of subject matter jurisdiction. Specifically, Petitioner contends that because he was a State employee, and he worked for an entity covered by the North Carolina Human Resources Act ("NCHRA"), OAH had subject matter jurisdiction over his claim. Upon our review, we deny Petitioner's petition for writ of certiorari ("PWC") for lack of merit and dismiss Petitioner's appeal for lack of jurisdiction.

## I. <u>Factual and Procedural Background</u>

On 4 January 2022, Petitioner was hired by Respondent Wake County and began working in the Environmental Services Department ("ESD") as the Water Quality Director. Nine months later, on 7 October 2022, Petitioner was terminated from his position.

Petitioner believed he was terminated without just cause under the NCHRA and filed a contested case with OAH on 22 May 2023. OAH dismissed Petitioner's claim on 27 October 2023 for lack of subject matter jurisdiction. OAH found that Petitioner was not subject to the NCHRA, finding that "Petitioner at the time of his termination was not employed by any agency of the State of North Carolina[,]" "Petitioner was not employed with Wake County . . . as of the date Wake County combined its human services functions into a consolidated human services agency[,]" and "Wake County's Board of Commissions has not elected to subject its employees to the [NCHRA.]" As such, per these findings, OAH concluded it did not have subject matter jurisdiction over Petitioner's case.

Petitioner timely appealed.

## II. <u>Jurisdiction</u>

"In case of a dispute as to whether an employee is subject to [the NCHRA], the dispute shall be resolved as provided in Article 3 of Chapter 150B of the General Statutes." N.C. Gen. Stat. § 126-5(h) (2023). "If the agency and the other person do not agree to a resolution of the dispute through informal procedures . . . the person

may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a 'contested case.'" N.C. Gen. Stat. § 150B-22(b) (2023). "A contested case shall be commenced . . . by filing a petition with [OAH.]" N.C. Gen. Stat. § 150B-23(a) (2023). "In each contested case the administrative law judge shall make a final decision or order that contains findings of fact and conclusions of law." N.C. Gen. Stat. § 150B-34(a) (2023).

"Any party or person aggrieved by the final decision in a contested case . . . is entitled to judicial review of the decision[.]" N.C. Gen. Stat. § 150B-43 (2023). "To obtain judicial review of a final decision . . . the person seeking review must file a petition in superior court within 30 days after the person is served with a written copy of the decision." N.C. Gen. Stat. § 150B-45 (2023). If the person fails to file during the required time, they waive their right to judicial review. *Id.*

Here, Petitioner failed to follow the requisite procedure after OAH erroneously directed Petitioner to appeal directly to the Court of Appeals pursuant to N.C. Gen. Stat. § 126-34.02(a), which provides that "[a]n aggrieved party in a contested case under this section shall be entitled to judicial review of a final decision by appeal to the Court of Appeals[.]" N.C. Gen. Stat. § 126-34.02(a) (2023). An employee subject to the NCHRA who disputes the outcome of a decision by OAH can then directly appeal to this Court pursuant to N.C. Gen. Stat. § 126-34.02(a) as an "aggrieved party" under the NCHRA. *See* N.C. Gen. Stat. § 126-34.02(a). Because OAH concluded Petitioner was *not* an employee subject the NCHRA, and thus not subject

to N.C. Gen. Stat. § 126-34.02(a) as an aggrieved party under the NCHRA, OAH should have directed Petitioner to follow the requirements of N.C. Gen. Stat. § 126-5(h), and to appeal per Article 3 of Chapter 150B of the General Statutes for determination of whether Petitioner was an employee subject to the NCHRA. *See* N.C. Gen. Stat. § 126-5(h) (directing a petitioner to appeal following Article 3 of Chapter 150B when there is a dispute as to whether an employee is subject to the NCHRA).

Petitioner, however, followed OAH's erroneous directions and thus missed the thirty-day window for appeal to the superior court, as provided under Chapter 150B. *See* N.C. Gen. Stat. § 150B-45. Petitioner therefore requests that we treat his brief as a PWC pursuant to the North Carolina Rules of Appellate Procedure Rule 21(a)(1), should we conclude he does not have a right of direct appeal to this Court. *See* N.C.R. App. P. Rule 21(a)(1) ("The [PWC] may be issued in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]"). We conclude a proper appeal would have been filed under Chapter 150B, and therefore will consider Petitioner's brief as a PWC.

Under N.C.R. App. P. 21(a)(1), "the [petitioner]'s [PWC] must show merit or that error was probably committed below[.]" *State v. Hernandez*, 899 S.E.2d 899, 906 (N.C. App. 2024) (citation and internal quotations omitted). For the reasons discussed below, we conclude Petitioner's PWC lacks merit, and Petitioner has failed

to show that error was committed by OAH; thus, we deny Petitioner's PWC and dismiss Petitioner's appeal for lack of jurisdiction.

### III. <u>Standard of Review</u>

"Chapter 150B, the Administrative Procedure Act, specifically governs the scope and standard of this Court's review of an administrative agency's final decision." *Harris v. N.C. Dep't of Pub. Safety*, 252 N.C. App. 94, 98, 798 S.E.2d 127, 132 (2017), *aff'd*, 370 N.C. 386, 808 S.E.2d 142 (2017). Chapter 150B provides:

> The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>
> (6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2023).

"The standard of review is dictated by the substantive nature of each assignment of error." *Russell v. N.C. Dep't of Pub. Safety*, 282 N.C. App. 542, 547,

871 S.E.2d 821, 826 (2022) (citation omitted). "[Q]uestions of law receive *de novo* review, whereas fact-intensive issues such as sufficiency of the evidence to support an agency's decision are reviewed under the whole-record test." *Id.* at 547, 871 S.E.2d at 826 (citation omitted). Whether a lower court had subject matter jurisdiction is a question of law, and thus, is reviewed by this Court de novo. *See Vanderburg v. N.C. Dep't of Rev.*, 168 N.C. App. 598, 608-09, 608 S.E.2d 831, 839 (2005). "Under a de novo review, we consider the matter anew and freely substitute our own judgment for the agency's judgment." *Fonvielle v. N.C. Coastal Res. Comm'n*, 288 N.C. App. 284, 287, 887 S.E.2d 93, 96 (2023) (citation omitted) (cleaned up).

## IV. <u>Analysis</u>

Petitioner contends that OAH erred by concluding Petitioner was not subject to the NCHRA because (A) he was not a State employee, and (B) he was not employed by a covered local government entity listed in [N.C. Gen. Stat.] §126-5(a)(2) at the time of his termination[,]" and thus erred in its conclusion that OAH lacked subject matter jurisdiction. We discuss each argument, in turn.

### A. State Employee

Petitioner contends that OAH erred in failing to recognize Petitioner as a State employee. We disagree.

"The right to appeal to an administrative agency is granted by statute[.]" *Lewis v. N.C. Dep't of Hum. Res.*, 92 N.C. App. 737, 739, 375 S.E.2d 712, 714 (1989). "Chapter 126 of the North Carolina General Statutes gives State employees the right

to an administrative hearing in [] OAH for actions arising under [the NCHRA]." *Nailing v. UNC-CH*, 117 N.C. App. 318, 324, 451 S.E.2d 351, 355 (1994). N.C. Gen. Stat. § 126-34.02(a) provides that "a State employee, or former State employee may file a contested case in [OAH.]" N.C. Gen. Stat. § 126-34.02(a). Contested cases under this chapter, as relevant here, include "just cause for dismissal[.]" N.C. Gen. Stat. § 126-34.02(b)(3) ("A career State employee may allege that he or she was dismissed, demoted, or suspended for disciplinary reasons without just cause.").

A person is covered by the NCHRA if they are a State employee or an employee of one of the local entities under N.C. Gen. Stat. § 126-5(a)(2). N.C. Gen. Stat. § 126-1.1(a) (2023). A State employee is defined as (1) being "in a permanent position with a permanent appointment[,]" and (2) having been "continuously employed by the State of North Carolina or a local entity as provided in [N.C. Gen. Stat. §] 126-5(a)(2) in a position subject to the [NCHRA] for the immediate [twelve] preceding months." N.C. Gen. Stat. § 126-1.1(a).

Here, OAH found that "Petitioner[,] at the time of his termination[,] was not employed by any agency of the State of North Carolina." Petitioner worked for Respondent, a county agency, rather than an agency of the state and, thus, OAH concluded that Petitioner was not a State employee at the time of his termination. Additionally, Petitioner had not been "continuously employed by the State of North Carolina . . . for the immediate [twelve] preceding months" because he had been working for Respondent, a county agency, for the last nine months prior to

- 7 -

termination, and thus, could not have been "continuously employed by the State of North Carolina . . . for the immediate [twelve] preceding months." *See* N.C. Gen. Stat. § 126-1.1(a)(2).

As Petitioner worked for a county agency rather than a State agency, OAH correctly concluded Petitioner was not a State employee. *See* N.C. Gen. Stat. § 126-1.1(a).

## B. Local Entity

Plaintiff next contends OAH erred in concluding he is "not subject to the NCHRA because he was not employed by a covered local government entity listed in [N.C. Gen. Stat.] §126-5(a)(2) at the time of his termination[.]" We disagree.

The local entities under N.C. Gen. Stat. § 126-5(a)(2) for which an employee may work and be covered by the NCHRA are limited to the following:

> a. Area mental health, developmental disabilities, and substance abuse authorities, except as otherwise provided in Chapter 122C of the General Statutes.
>
> b. Local social services departments.
>
> c. County health departments and district health departments.
>
> d. Local emergency management agencies that receive federal grant-in-aid funds.

N.C. Gen. Stat. § 126-5(a)(2). Employees of consolidated human services agencies are not covered by the NCHRA. *See* N.C. Gen. Stat. § 126-5(a)(2) ("An employee of a consolidated county human services agency created pursuant to [N.C. Gen. Stat. §]

153A-77(b) is not considered an employee of an entity listed in this subdivision."). A county board may, however, elect to subject its uncovered employees to NCHRA coverage. *See* N.C. Gen. Stat. § 126-5(a)(3).

Here, OAH found that Petitioner's place of employment was a consolidated county human services agency, and that the "Wake County Board of Commissions has not elected to subject its employees to the [NCHRA]." Upon our review of the Record, we agree that Petitioner's place of employment was a consolidated county human services agency at the time of his termination, as evidenced by a 1996 ordinance, a copy of which was included in the Record, whereupon Respondent was consolidated into a county human services agency. Further, the Wake County Board of Commissions, at the time of Petitioner's termination, had not elected to subject Wake County employees to the NCHRA. Thus, Petitioner was not subject to the NCHRA as an employee of a consolidated county human services agency during his employment. *See* N.C. Gen. Stat. §§ 126-5(a)(2), (a)(3).

Because Petitioner was neither a State employee nor an employee of one of the local entities under N.C. Gen. Stat. § 126-5(a)(2), OAH correctly dismissed Petitioner's claim for lack of subject matter jurisdiction. *See Lewis*, 92 N.C. App. at 739, 375 S.E.2d at 714; *see also* N.C. Gen. Stat. § 126-1.1(a).

## IV. <u>Conclusion</u>

Upon our de novo review for any errors of law by the administrative agency, we conclude Petitioner is not subject to the NCHRA, as he was not a State employee

at the time of his termination nor for the preceding twelve months prior to termination, and he worked for a consolidated county human services agency whose county board had not elected to subject its employees to the NCHRA at the time of his employment. *See Russell*, 282 N.C. App. at 547, 871 S.E.2d at 826. Thus, we deny Petitioner's PWC for lack of merit and dismiss Petitioner's appeal for lack of jurisdiction.

DISMISSED.

Judges CARPENTER and STADING concur.